1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10    MARIA PENA,

11              Plaintiff,                    CIV. NO. S-11-1761 LKK CKD PS

12        vs.

13    WELLS FARGO BANK NA, et al.,

14              Defendants.                          <u>ORDER</u>

15    _____/

16        In April 2011, Plaintiff Maria A. Pena filed this action in the Superior Court of

17    California, County of Yuba, arising out of the foreclosure of Plaintiff's residence.  Pl's Compl.,

18    ECF No. 1, Ex. A ("Complaint").

19        In July 2011, Defendant Wells Fargo Bank N.A. removed this action from the Yuba

20    County Superior Court to this court, asserting jurisdiction based solely on diversity of

21    citizenship.  Notice Removal, ECF No. 1, 2-6.  No party has asserted any other basis for federal

22    court jurisdiction over this case.  All of Plaintiff's causes of action are based on state law claims.

23    <u>See</u> Complaint, 9-16.  No federal question exists on the face of the complaint.

24        In July 2011, Defendants filed a motion to dismiss the complaint, as well as a motion to

25    strike portions of the complaint.  Defs' Mots., ECF No. 6-7.  Plaintiff failed to file an opposition

26    or a statement of non-opposition to the motions, and subsequently failed to respond to both an

1   order to show cause as to why sanctions should not be imposed and the court's direction that

2   Plaintiff file an opposition or a statement of non-opposition to the Defendants' motions.

3   See Order, ECF No. 15.

4        The magistrate judge recommends that Plaintiff's action be dismissed pursuant to Federal

5   Rule of Civil Procedure 41(b), based on Plaintiff's failure to prosecute the action and to comply

6   with court orders and local rules.  Findings & Recommendations, ECF No. 16.  Such a dismissal

7   under Federal Rule of Civil Procedure 41(b) operates as an adjudication on the merits.  See FED.

8   R. CIV. P. 41(b).

9        Under 28 U.S.C. § 1447(c), however, district courts shall remand a removed case "[i]f at

10  any time before final judgment it appears that the district court lacks subject matter jurisdiction."

11

12       In a recently issued order in Guinto v. Wells Fargo Bank, N.A., this court determined that

13  Wells Fargo Bank, N.A., has its principal place of business in California and is, therefore, a

14  citizen of California.  No. 11-372, 2011 WL 4738519, at *3 (E.D. Cal. Oct. 5, 2011) (citing

15  American Surety Co. v. Bank of California, 133 F.2d 160, 162 (9th Cir. 1943)).  Plaintiff is also

16  a citizen of California, as she alleges residency at 1092 Bronco Drive, Plumas Lake, CA 95961.

17  Complaint, at 1.  Because both parties are citizens of the same state, the district court lacks

18  subject matter jurisdiction based on diversity of citizenship.  If a court does not have jurisdiction,

19  ipso facto, it cannot address the merits of a case and, therefore, this court is unable to dismiss

20  Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b).

21       Accordingly, the parties are ORDERED TO SHOW CAUSE in writing within seven (7)

22  days of the issuance of this order as to why this matter should not be remanded to the state court

23  for lack of subject matter jurisdiction.

24       IT IS SO ORDERED.

25       DATED: November 14, 2011.

26
                                            LAWRENCE K. KARLTON
                                            SENIOR JUDGE
                                      2     UNITED STATES DISTRICT COURT