IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIA PENA,

       Plaintiff,                            CIV. NO. S-11-1761 LKK CKD PS

   vs.

WELLS FARGO BANK NA, et al.,

       Defendants.                           ORDER

_____/

      In April 2011, Plaintiff Maria A. Pena filed this action in the Superior Court of California, County of Yuba, arising out of the foreclosure of Plaintiff's residence. Pl's Compl., ECF No. 1, Ex. A ("Complaint").

      In July 2011, Defendant Wells Fargo Bank N.A. removed this action from the Yuba County Superior Court to this court, asserting jurisdiction based solely on diversity of citizenship. Notice Removal, ECF No. 1, 2-6. No party has asserted any other basis for federal court jurisdiction over this case. All of Plaintiff's causes of action are based on state law claims. See Complaint, 9-16. No federal question exists on the face of the complaint.

      In July 2011, Defendants filed a motion to dismiss the complaint, as well as a motion to strike portions of the complaint. Defs' Mots., ECF No. 6-7. Plaintiff failed to file an opposition or a statement of non-opposition to the motions, and subsequently failed to respond to both an

1

order to show cause as to why sanctions should not be imposed and the court's direction that Plaintiff file an opposition or a statement of non-opposition to the Defendants' motions. See Order, ECF No. 15.

The magistrate judge recommends that Plaintiff's action be dismissed pursuant to Federal Rule of Civil Procedure 41(b), based on Plaintiff's failure to prosecute the action and to comply with court orders and local rules. Findings & Recommendations, ECF No. 16. Such a dismissal under Federal Rule of Civil Procedure 41(b) operates as an adjudication on the merits. See FED. R. CIV. P. 41(b).

Under 28 U.S.C. § 1447(c), however, district courts shall remand a removed case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."

In a recently issued order in Guinto v. Wells Fargo Bank, N.A., this court determined that Wells Fargo Bank, N.A., has its principal place of business in California and is, therefore, a citizen of California. No. 11-372, 2011 WL 4738519, at *3 (E.D. Cal. Oct. 5, 2011) (citing American Surety Co. v. Bank of California, 133 F.2d 160, 162 (9th Cir. 1943)). Plaintiff is also a citizen of California, as she alleges residency at 1092 Bronco Drive, Plumas Lake, CA 95961. Complaint, at 1. Because both parties are citizens of the same state, the district court lacks subject matter jurisdiction based on diversity of citizenship. If a court does not have jurisdiction, ipso facto, it cannot address the merits of a case and, therefore, this court is unable to dismiss Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b).

Accordingly, the parties are ORDERED TO SHOW CAUSE in writing within seven (7) days of the issuance of this order as to why this matter should not be remanded to the state court for lack of subject matter jurisdiction.

IT IS SO ORDERED.

DATED: November 14, 2011.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

2