UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIA PENA,

        Plaintiff,

   v.

WELLS FARGO BANK NA, et al.,

        Defendant.

                                 NO. CIV. S-11-1761 LKK/CKD PS

O R D E R

On July 1, 2011, Defendant Wells Fargo Bank, N.A., removed this breach of contract and tort action from state court, solely on the basis of diversity of citizenship. Wells Fargo asserts that it is a citizen exclusively of South Dakota, and that plaintiff is a citizen of California. Notice of Removal (Dkt. No. 1). On November 14, 2011, this court ordered the parties to Show Cause why this matter should not be remanded to state court for lack of subject matter jurisdiction. Dkt. No. 17. This court had previously determined that Wells Fargo was a citizen of California, thus destroying diversity jurisdiction. See Guinto v. Wells Fargo Bank, N.A., Civ. S-11-372-LKK, 011 WL 4738519

1  (E.D. Cal. 2011).[1]

2      Wells Fargo responded by arguing that Guinto was wrongly decided, and that the binding Ninth Circuit authority of American Surety Co. V. Bank of California, 133 F.2d 160 (9th Cir. 1943), upon which Guinto relies, was "simply wrong." Dkt. No. 18.

    This court has recently re-affirmed its decision in Guinto, after giving Wells Fargo an opportunity to address American Surety, and any other cases it believed to be pertinent. See Taheny v. Wells Fargo Bank, N.A., Civ. S-10-2123 LKK (E.D. Cal. April 3, 2012) (Dkt. No. 60).

    Accordingly, this matter is **REMANDED** to the state court for lack of federal subject matter jurisdiction.

    IT IS SO ORDERED.

    DATED:  April 5, 2012.

_/s/ Lawrence K. Karlton_
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] The bank is also a citizen of South Dakota, pursuant to the authority of Wachovia Bank v. Schmidt, 546 U.S. 303 (2006).